IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARLON WATSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. CIV-05-712-M |
| | ) |
| HASKELL HIGGINS, et al., | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on an allegation that he was denied due process in connection with a prison disciplinary proceeding. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent Higgins has filed a motion to dismiss (MTD) [Doc. No. 10], alleging Petitioner has failed to exhaust available state court remedies. Petitioner has filed a response to the motion and thus, the matter is at issue. For the reasons set forth below, the undersigned recommends that Respondent's motion to dismiss be denied and, instead of dismissing the petition on grounds on exhaustion, Petitioner's claims for federal habeas relief be denied on the merits.

I. Background/Petitioner's Claims

Petitioner is currently in the custody of the Oklahoma Department of Corrections (DOC) and incarcerated at James Crabtree Correctional Center. On November 10, 2004, Petitioner was charged with the offense of menacing and he was found guilty of this offense following a disciplinary hearing on November 16, 2004. Petition, Ex. A. As a result of his conviction, Petitioner was assigned to the Disciplinary Unit for a period of

60 days, lost 365 days earned credits and was reassigned to Level 1 for 90 days. *Id.* On February 3, 2005, Petitioner's conviction was affirmed by the Designee for the Director of the DOC. Petition, Ex. C

By this action Petitioner alleges that the disciplinary action violated his federal constitutional right to due process. Specifically, he alleges that (1) the disciplinary hearing officer failed to provide a written statement of the facts and evidence he relied upon other than the reporting officer's statement; (2) there was insufficient evidence to support the conviction; and (3) the investigator failed to gather any information and/or evidence in the manner provided by DOC policy, in denial of his equal protection and due process rights.

Respondent does not address the merits of Petitioner's claims but contends the petition should be dismissed for failure to exhaust the state court remedy recently enacted in Oklahoma and codified at Okla. Stat. tit. 57, § 564.1.

II. Exhaustion of State Court Remedies

While § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to 28 U.S.C. § 2241 to exhaust state court remedies prior to file a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). The exhaustion requirement exists as a matter of comity to give state courts the initial opportunity to address and correct alleged violations of federal law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state

courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). In this Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted); *see also Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). Petitioner bears the burden of showing that these remedies have been exhausted. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Citing Okla. Stat. tit. 57, § 564.1, Respondent contends that this new statute which became effective on May 10, 2005, provides a remedy for Oklahoma state prisoners alleging procedural deprivations in prison disciplinary proceedings, including challenges to the sufficiency of the evidence to support the imposition of disciplinary sanctions upon inmates.[1] Respondent's MTD, Ex. 2. Respondent further contends that in light of

---

[1]Section 564.1 provides:
A. In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections. To be considered by the court, the inmate shall meet the following requirements:
    1. The petition shall be filed within ninety (90) days of the date the petitioner is notified of the final Department of Corrections decision in the Department disciplinary appeal process.
    2. The petition shall only name the Department of Corrections as the respondent and service shall be in accordance with the rules for service under the laws of this state.
    3. The petition shall be limited to the review of only one disciplinary report and no other pleading is allowed other than the petition and the answer.
    4. The court shall not consider any pleadings from any intervening parties and shall not stay the Department disciplinary process during the review of the misconduct hearing.
(continued...)

the new statute, the Tenth Circuit's decision in *Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004), no longer provides precedent for denying a motion to dismiss for failure to exhaust. Respondent's MTD at 3. In *Gamble*, a case involving a 28 U.S.C. § 2241 habeas action by an Oklahoma prisoner challenging, *inter alia*, the sufficiency of the evidence to support a disciplinary sanction, the Tenth Circuit reviewed the then-current state of Oklahoma law on the availability of a state court remedy and concluded that the court would "continue to follow [its] ruling in *Wallace* [*v. Cody*, 951 F.2d 1170, 1171 (10th Cir. 1999),] that there is no state-exhaustion requirement for Oklahoma inmates challenging

---

[1](...continued)
B. The answer of the Department shall be filed within thirty (30) days of receipt of the petition unless the court orders a special report upon motion by one party or upon its own motion.
C. The petition shall assert that due process was not provided and prove which element of due process, relevant only to a prison administrative disciplinary proceeding, was not provided by the prison staff.
D. The court shall only determine whether due process was provided by the revoking authority. In determining whether due process was provided, the court shall determine:
    1. Whether written notice of the charge was provided to the inmate;
    2. Whether the inmate had a minimum of twenty-four (24) hours to prepare after notice of the charge;
    3. Whether the inmate was provided an opportunity for a hearing by a prison employee not involved in bringing the charge;
    4. Whether the inmate had the opportunity to present relevant documentary evidence;
    5. Whether the inmate had the opportunity to call witnesses when doing so would not be hazardous to institutional safety or burden correctional goals;
    6. Whether the inmate was provided a written statement as to the evidence relied on and the reasons for the discipline imposed; and
    7. Whether any evidence existed in the record upon which the hearing officer could base a finding of guilt.
E. The judicial review as provided in this section shall not be an independent assessment of the credibility of any witness or a weighing of the evidence, and there shall be no right to an error free proceeding or to confront accusers.
The only remedy to be provided, if the court finds due process was not provided, is an order to the Department to provide due process.
F. There shall be no recovery allowed for costs and fees, providing that frivolous petitions are subject to the sanctions provided by the laws of this state.
G. Either party aggrieved by the final order of the district court on a petition for judicial review may only appeal the order to the Oklahoma Court of Criminal Appeals as set forth in the rules of such Court.

the merits of a disciplinary board revocation of earned credits where the inmate is seeking only speedier, and not immediate release." *Gamble*, 375 F.3d 1026-27.[2] Respondent asserts that the petition should be dismissed because Petitioner filed his petition after the Oklahoma legislature enacted a judicial remedy, and Petitioner has not shown that "he exercised the adequate state remedy available to all inmates in Oklahoma . . . ." Respondent's MTD at 4.

In response to the motion to dismiss, Petitioner does not allege that he has pursued the state court remedy provided under the new state law. However, the exhaustion requirement is excused if there is no corrective state process, or if the process available is ineffective under the circumstances. 28 U.S.C. § 2254(b)(1)(B)(I) and (ii). Here, it is questionable whether the remedy provided in Okla. Stat. tit. 57, § 564.1 is actually available to Petitioner.

In the plain words of the new statute, in order to seek state court judicial review of a prison disciplinary decision, a prisoner must file a petition within ninety days from the date the prisoner is notified of the final DOC decision in the disciplinary appeal process. The record shows that Petitioner's disciplinary appeal was decided on February 3, 2005, over three months before the effective date of the new statute providing for judicial review of such action. Thus, despite the change in Oklahoma law regarding a

---

[2]In *Gamble*, the Circuit Court stated:
The [Oklahoma Court of Criminal Appeals] has . . . stressed that an inmate "cannot challenge the merits of, or appeal from, the prison officials' administrative decision that [the inmate] is guilty of prison infractions and that [he] should be punished by the revoking of earned credits" through mandamus because mandamus relief does not apply "to the full panoply of due process rights" in Oklahoma.
*Gamble*, 375 F.3d at 1026 (citing *Dunn v. Ramsey*, 936 P.2d 347, 348-49 (Okla. Crim. App. 1997)).

merits review of a prison disciplinary decision by the state courts, even if Petitioner had notice of the new statute on May 10, 2005, a fact which has not been addressed by either party, the relevant 90 day period for filing a petition for judicial review had expired before the effective date of the statute. The statute does not contain any exception for extending the time limitation placed upon the filing of a state court action. Thus, nothing in the statute indicates that prisoners like Petitioner, whose prison disciplinary appeal was final more than 90 days before the effective date of the statute, had any period of time after May 10, 2005, in which to file a petition for judicial review. In light of these circumstances, it is certainly not clear that Petitioner has any state court remedies actually available to him.

In any event, the undersigned finds that it is unnecessary to resolve the question of whether newly enacted state court remedies were available to Petitioner at the time he filed his petition on June 22, 2005, because, as discussed below, Petitioner's claims may be denied on the merits. *See* 28 U.S.C. § 2254(b)(2); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (finding § 2241 habeas petition was properly denied on the merits despite petitioner's failure to exhaust state court remedies); *Carter v. Workman*, No. 04-6252, 2005 WL 174846, at *2 (10th Cir. Jan. 27, 2005)[3] ("[Petitioner's] claims are without merit, and thus exhaustion was properly not addressed"). Accordingly, the undersigned recommends that the Court decline to dismiss the petition on grounds of exhaustion and for the reasons discussed below, deny the petition.

---

[3]Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

III. <u>Merits of Petitioner's Claims</u>

Petitioner challenges his disciplinary conviction on the grounds that it was obtained in violation of "Due Process guarantees." In particular, Petitioner alleges that the investigation was inadequate, the written statement by the disciplinary hearing officer was inadequate and there was insufficient evidence of guilt.

To be entitled to the protections of the Due Process Clause in a prison disciplinary proceeding, a prisoner must show that the resulting disciplinary action implicates a state-created liberty interest. The Oklahoma courts have determined that Oklahoma state law creates a liberty interest in earned good time credits. See Okla. Stat. tit. 57, § 138(A); *see also Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("The State has created a liberty interest in earned credits[.]"). Therefore, Oklahoma prisoners are generally entitled to minimum due process protection before their earned credits are revoked. *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without the minimal safeguards afforded by the Fourteenth Amendment's Due Process Clause). In this case, Petitioner's disciplinary conviction resulted in a loss of 365 earned credits. Therefore, Petitioner was entitled to due process in his prison disciplinary hearing.

Nevertheless, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 ( 1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, when consistent with institutional

7

safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. *Id.*

Petitioner received all the process to which he was entitled. The undersigned initially notes that Petitioner's challenge of his disciplinary conviction does not involve the first prong of the *Wolff* due process requirements -- he does not allege that he did not have adequate notice of the conduct with which he was accused. Additionally, the record shows that Petitioner was afforded a disciplinary hearing at which he provided four inmate witness statements on his behalf, and he was provided a written statement of the evidence relied on and the reason for the disciplinary action. Petition, Exs. A and C.

Petitioner alleges that the disciplinary hearing officer relied upon insufficient evidence to support the finding of guilt, in violation of his constitutional rights and in violation of DOC policy. Petition at 4. Judicial review to determine the existence of "some evidence" does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Superintendent v. Hill*, 472 U.S. at 454. Rather, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary hearing officer. *Id.*

Petitioner was found guilty of Menacing based on a reported statement he made to Correctional Officer Sawyer.[4] Petitioner claims that no evidence supports the finding of guilty because Officer Sawyer's statement that Petitioner threatened him is clearly contradicted by Petitioner's statement that he did not threaten the officer. Petition at 5. The disciplinary hearing officer stated that he relied on the following evidence for the finding of guilt:

> The reporting officer clearly states that I/M Watson [] while in a threatening posture and look (sic) toward this officer CSO /Sawyer and said "If you were this much taller you'll be all mine: with his fist clenched as he lowered his arm back down to his side.

Petition, Ex. A. Petitioner claims the disciplinary hearing officer's finding of guilt is insufficient because the hearing officer failed to state why he believed the reporting officer instead of Petitioner.[5] Petition at 3. The hearing officer construed Petitioner's conduct toward C/O Sawyer as constituting a violation of the rule against menacing, and therefore found that Petitioner's conduct constituted a threat of bodily harm or death. According to the due process review conducted on appeal, the investigator's report indicated that Petitioner chose to present four inmate as witnesses on his behalf and "none of the witness statements obtained from [his] witnesses supported [his] defense." Petition, Ex. C. Further, on appeal the Director's Designee found that there was no

---

[4]"Menacing" is defined as " Making sexual threats, stalking, or making threats of bodily harm or death to a staff member or citizen." *See* OP-060125, Attachment A, available at the DOC website: http://www.doc.state.ok.us (accessed September 26, 2005).

[5]On appeal, Petitioner alleged that he and C/O Sawyer "had been kidding around with each other on this and many other occasions, so I assumed that we were still kidding around with each other." Petition, Ex. B (back of Offender's Misconduct Appeal Form).

9

documentation to substantiate Petitioner's allegation that he was "kidding with Officer Sawyer." *Id.*

This evidence, considered separately or together, supports the conclusion reached by the disciplinary hearing officer. Thus, it was well within the disciplinary hearing officer's discretion to find Petitioner guilty of menacing. Judicial review to determine the existence of some evidence does not require the weighing of evidence. *Hill*, 472 U.S. at 454. As the Tenth Circuit held in *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996), it is not the province of the Court to "address the validity of [the] evidence."[6] The undersigned finds that Petitioner's prison disciplinary conviction was clearly supported by "some evidence." *See Hill*, 472 U.S. at 455-57 ("some evidence" standard was satisfied by prison guard's testimony that he saw the defendants fleeing from area where an inmate had just been assaulted even though no direct evidence existed identifying defendants as the assailants).

Petitioner also claims that he was denied due process in that his case was not handled "in the manner provided by DOC policy . . . ." Petition at 7. Specifically, he alleges that the investigator violated DOC policy by failing to gather adequate information from other inmates. Petition at 6 (citing OP-060125).[7] He also contends that the

---

[6]In *Mitchell*, the Tenth Circuit reviewed the plaintiff's *Wolff* challenge to the adequacy of the evidence used to convict him of participating in a riot, resulting in the revocation of good time credits. *Mitchell*, 80 F.3d at 1444. He claimed the disciplinary hearing was procedurally deficient because his conviction was based upon evidence contained in an officer's report that was obtained from another officer. *Id.* at 1445. Despite the "second-hand" or hearsay evidence in that case, the Tenth Circuit held the evidence was sufficient to sustain a conviction for participating in a riot. *See id.*

[7]The relevant portion of the DOC policy cited by Petitioner provides that:
The investigation of the alleged offense will normally be the responsibility of the facility where the offense occurred. The investigator is to act as a neutral party by making no
(continued...)

disciplinary hearing officer's written decision is inadequate because it did not mention the facts and evidence relied upon, as required by DOC policy.  Petition at 3 (citing OP-060125(D)).[8]  The record does not support such claims; in any event, such claims do not constitute a denial of due process.  In making the due process determination, it is not the function of this Court to second-guess the DOC's interpretation of its own policies and procedures.  *See Gooch v. Ward*, No. 04-6264, 2004 WL 3017261 (10th Cir. Dec. 30, 2004).  Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin*, 515 U.S. at 481-82.  Although states may create liberty interests protected by due process, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted).  Petitioner's claim concerning prison officials' alleged violation of internal policy does not "offend[] a fundamental constitutional guarantee." *Turner v. Safley*, 482 U.S. 78, 84 (1987).  Therefore, Petitioner's challenges

---

[7](...continued)
determination of guilt or innocence.  The investigator is responsible for gathering all relevant evidence and/or witness statements and will accept any documentary evidence submitted by the inmate during the investigation.
*See* The Oklahoma Department of Corrections, Policies and Procedures, OP-060125 (Disciplinary Procedures), Section II(C)(3), available at <http://www.doc.state.ok.us/Offtech/op060125.htm> (accessed September 30, 2005).

[8]DOC policy OP-060125, Section IV(D)(1) and (2) provides that:
1. Upon a finding of guilt, the inmate will be informed of the evidence relied upon for such finding, the basis for the discipline imposed, and the opportunity to appeal.  Such findings will be documented in the appropriate sections of the "Disciplinary Hearing Report" form.
2. The finding of guilt on the "Disciplinary Hearing Report" form must be documented by a complete, detailed, written statement by the disciplinary officer and a copy provided to the inmate.  The reasons must point out the essential facts upon which inferences were based, mentioning what evidence the reporting officer relied on.
*See supra* note 6 (The Oklahoma Department of Corrections website, Policies and Procedures, OP-060125).

to prison officials' alleged violation of a policy or regulation does not state a claim of constitutional dimension.[9] *See Godlock v. Fatkin*, No. 03-6003, 2003 WL 22954301, at *4 (10th Cir. Dec. 16, 2003) ("Petitioner does not have cognizable claim for federal habeas relief based solely on the failure of [the correctional facility] to follow particular regulations and directives [in the course of his disciplinary proceedings].") (citing *Turner*, 482 U.S. at 84); *Wilson v. Ramsey*, No. 9307012, 1993 WL 476422, at *2 (10th Cir. Nov. 19, 1993) (prison officials did not violate due process by failing to explain why an officer was believed over the petitioner although such a statement was required by prison policy).

Because the record shows that Petitioner received the minimal due process required by *Wolff*, *supra*, and some evidence supports the disciplinary hearing officer's findings, *Hill*, *supra*, the petition for writ of habeas corpus should be denied.

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Respondent's motion to dismiss the petition for failure to exhaust state court remedies [Doc. No. 10] be denied. It is further recommended that claims in the petition

---

[9]The Tenth Circuit has recognized that prison officials' failure to follow their own procedural rules could implicate the guarantees of the Due Process Clause at least where the omission impacts a petitioner's right to be heard. *See Mitchell v. Maynard*, 80 F.3d 1433, 1444-45 (10th Cir. 1996) (analyzing under *Wolff* prisoner's claim that disciplinary hearing violated due process because unreliable evidence was admitted and separately analyzing under *Armstrong v. Manzo*, 380 U.S. 545 (1965), prisoner's claim that disciplinary hearing violated due process because defendants failed to follow their own established policy of banning staff members directly involved in the disciplinary case from being the disciplinary officer because "a fundamental requirement of due process is the opportunity to be heard"). This case does not, however, stand for the proposition that a disciplinary hearing officer's failure to follow prison regulations *per se* violates the Due Process Clause. In the instant case, Petitioner was afforded the fundamental right to be heard. The disciplinary hearing officer considered the evidence and found it adequate to support the charge.

be denied. The parties are advised of their right to object to this Report and Recommendation by the 20th day of October, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The objections should be filed with the Clerk of this Court. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of September, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE